# SUMMONS IN A CIVIL ACTION   COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV18898287 | D1 CM | 35451528 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

STEVEN TANRUTHER
VS
TESLA, INC.

**PLAINTIFF**

**DEFENDANT**

## SUMMONS

TESLA, INC
C/O CT CORPORATION SYSTEM
4400 EASTON COMMONS WAY SUITE 215
COLUMBUS OH 43219

You have been named defendant in a sums
complaint (copy attached hereto) filed in Cuyahoga
County Court of Common Pleas, Cuyahoga County
Justice Center, Cleveland, Ohio 44113, by the
plaintiff named herein.

You are hereby summoned and required to
answer the complaint within 28 days after service
of this summons upon you, exclusive of the day of
service.

Said answer is required to be served on:

Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)

Plaintiff's Attorney

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

J DANIEL SCHARVILLE
6200 ROCKSIDE WOODS BLVD.

SUITE 215
INDEPENDENCE, OH 44131-0000

If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

Case has been assigned to Judge:

SHIRLEY STRICKLAND SAFFOLD
Do not contact judge. Judge's name is given for
attorney's reference only.

**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

By_____
Deputy

| DATE SENT |
|---|
| May 24, 2018 |

COMPLAINT FILED   05/23/2018





**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

### Court of Common Pleas

New Case Electronically Filed:
May 23, 2018 15:09

By: J'DANIEL SCHARVILLE 0071132

Confirmation Nbr. 1393068

| | |
|---|---|
| STEVEN TANRUTHER | CV 18 898287 |
| vs. | |
| TESLA, INC. | Judge: SHIRLEY STRICKLAND SAFFOLD |

Pages Filed: 12

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

STEVEN TANRUTHER ) Case No:
6015 Deepwood Drive )
Mooreland Hills, OH 44022 ) Judge:
)
Plaintiff, )
)
vs. ) **COMPLAINT**
)
) (Jury Demand Endorsed Hereon)
TESLA, INC )
c/o CT Corporation System )
4400 Easton Commons Way )
Suite 125 )
Columbus, OH 43219 )
)
Defendant. )
)

Now comes Plaintiff, Steve Tanruther, by and through undersigned counsel and states as

follows:

## BACKGROUND

1. Plaintiff, Steven Tanruther, is an adult individual citizen and legal resident of the

State of Ohio, residing at 6015 Deepwood Drive, Mooreland Hills, Ohio 44022.

2. Defendant, Tesla, Inc., is a business corporation qualified to do and regularly

conducting business in the State of Ohio, with its principal place of business located

in Michigan and can be served at its local residence c/o CT Corporation System,

4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

3. On or about January 1, 2017, Plaintiff leased a 2017 Tesla S, manufactured and

warranted by Defendant bearing the Vehicle Identification Number

5YJSA1E23HF216024 (hereinafter the "vehicle").

4. The vehicle was leased in Ohio and is registered in Ohio.

5. The price of the vehicle and/or the total of payments is approximately $110,000.00.

6. Plaintiff states that as a result of the ineffective repair attempts made by Defendant, through its authorized dealer(s), the vehicle cannot be utilized for the purposes intended by Plaintiff at the time of acquisition and hence, the vehicle is worthless and/or substantially impaired.

7. In consideration for the purchase of the above vehicle, Defendant issued to Plaintiff one or more written warranties on particular items.

8. Plaintiff notified the Defendant and/or its Authorized Dealer(s) on one or more occasions, and/or formally notified the Defendant by letter of Plaintiff's present intention to revoke acceptance of the vehicle and requested the return of all funds paid toward the vehicle.

## COUNT I
## OHIO LEMON LAW

9. Plaintiff hereby reavers and incorporates by reference all statements and allegations previously set forth as if fully rewritten herein.

10. Section 1345.71 through Section 1345.77 of the Ohio Consumer Sales Practices Act is commonly known as, and will hereinafter be referred to as, the "Ohio Lemon Law."

11. Plaintiff is a "Consumer" as defined by R.C. § 1345.71(A).

12. Defendant is a "Manufacturer" as defined by R.C. § 1345.71(B).

13. Defendant provided an "Express Warranty" and a "Warranty" as defined by R.C. § 1345.71 (C).

14. Plaintiff purchased or leased the vehicle from and/or had it serviced at Defendant's "Authorized Dealer[(s)]," as that term is used throughout R.C. § 1345.71 et seq.

15. Plaintiff reported one or more "nonconformities," as defined by R.C. § 1345.72 (B) and 1345.71(E), to the manufacturer, through its authorized dealer, within one year and eighteen thousand (18,000) miles of the date of delivery.

16. Defendant, through its authorized dealer(s), has been unable, unwilling and/or has refused to conform the motor vehicle to the express warranty by repairing one or more nonconformities within a reasonable number of attempts or a reasonable amount of time.

17. Plaintiff may satisfy one or more of the presumptions in Section 1345.73.

18. If Defendant maintains a qualified Informal Dispute Resolution Mechanism, Plaintiff has resorted to it at least forty (40) days prior to filing this Complaint and/or has pursued that process to its completion, as required by R.C. § 1345.77 (B) and rules promulgated thereunder.

WHEREFORE, Plaintiff respectfully demands:

1. The "full purchase price" of the vehicle, collateral charges, finance charges, incidental and consequential damages;

2. Costs, including expert witness fees and reasonable attorney's fees; and

3. For such other relief as this court deems just and proper.

### COUNT II
### MAGNUSON-MOSS FEDERAL TRADE COMMISSION ACT

19. Plaintiff hereby reavers and incorporates by reference all statements and allegations previously set forth as if fully rewritten herein.

20. Plaintiff is a "Consumer" as defined by 15 U.S.C. § 2301(3).

21. Defendant is a "Supplier" and a "Warrantor" as defined by 15 U.S.C. § 2301(4) & (5).

22. The vehicle is a "Consumer Product" as defined by 15 U.S.C. § 2301(1).

23.    One or more of the warranties given to Plaintiff by Defendant was a "Written Warranty" as defined by 15 U.S.C. § 2301(6) and/or a "Service Contract" as defined by 15 USC § 2301(8).

24.    Defendant, through its authorized dealer(s), has been unable, unwilling and/or has refused to conform the motor vehicle to the written warranty and/or service contract by repairing one or more nonconformities within a reasonable number of attempts or a reasonable amount of time.

25.    Plaintiff states that Defendant has been afforded a reasonable opportunity to cure the vehicle's nonconformities pursuant to 15 U.S.C. § 2310 (e).

26.    Section 15 U.S.C. § 2310 (d) (1) provides:

> Subject to subsections (a)(3) and (e) of this section, a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief....

27.    As a direct and proximate result of Defendant's failure to comply with Defendant's express written and implied warranties and service contract, Plaintiff has and continues to suffer damages.

28.    If Defendant maintains a qualified Informal Dispute Resolution Mechanism, Plaintiff has resorted to it at least forty (40) days prior to filing this Complaint and/or has pursued that process to its completion, as required by 15 U.S.C. § 2310 (a) and rules promulgated thereunder.

29.    Pursuant to 15 U.S.C. § 2310 (d)(2), Plaintiff seeks all Costs, including attorney's fees and expert witness fees.

WHEREFORE, Plaintiff respectfully demands:

1.    The full purchase price of the vehicle, collateral charges, finance charges, incidental and consequential damages;

2. Costs, including expert witness fees and reasonable attorney's fees; and

3. For such other relief as this court deems just and proper.

## COUNT III
## OHIO UNIFORM COMMERCIAL CODE

30. Plaintiff hereby reavers and incorporates by reference all statements and allegations previously set forth as if fully rewritten herein.

31. The defects and nonconformities exhibited by the vehicle constitute a breach of contractual and statutory obligations of Defendant, including, but not limited to, the following:

a. Express Warranty

b. Implied Warranty of Merchantability; and

c. Implied Warranty of Fitness for a Particular Purpose.

32. At the time delivery of the vehicle to Plaintiff and at all times subsequent thereto, Plaintiff has justifiably relied on Defendant's express and implied warranties, obligations and representations with regard to the vehicle.

33. At the time of delivery of the vehicle and at all times subsequent thereto, Defendant was aware that Plaintiff was relying on Defendant's express and implied warranties, obligations and representations with regard to the vehicle.

34. Plaintiff has incurred damage as a direct and proximate result of the Defendant's breach and failure to honor its express and implied warranties, obligations and representations with regard to the vehicle.

35. Plaintiff has incurred damage as a direct and proximate result of the failure of essential purpose of Defendant's express and implied warranties, obligations and representations with regard to the vehicle.

WHEREFORE, Plaintiff respectfully demands:

1.    The full purchase price of the vehicle, collateral charges, finance charges, incidental and consequential damages;

2.    Costs, including expert witness fees and reasonable attorney's fees; and

3.    ﹒ For such other relief as this court deems just and proper.

## COUNT IV
## IMPLIED WARRANTY IN TORT

36.   Plaintiff hereby reavers and incorporates by reference all statements and allegations previously set forth as if fully rewritten herein.

37.   The defects and nonconformities exhibited by the vehicle constitute a breach of contractual, statutory and/or common law obligations of Defendant, including, but not limited to, the following:

   a.    Implied Warranty of Merchantability sounding in Tort; and

   b.    Implied Warranty of Fitness for a Particular Purpose sounding in Tort.

38.   At the time delivery of the vehicle to Plaintiff and at all times subsequent thereto, Plaintiff has justifiably relied on Defendant's implied warranties, obligations and representations with regard to the vehicle.

39.   At the time of delivery of the vehicle and at all times subsequent thereto, Defendant was aware that Plaintiff was relying on Defendant's implied warranties, obligations and representations with regard to the vehicle.

40.   Plaintiff has incurred damage as a direct and proximate result of the Defendant's breach and failure to honor its implied warranties, obligations and representations with regard to the vehicle.

WHEREFORE, Plaintiff respectfully demands:

1.    The full purchase price of the vehicle, collateral charges, finance charges, incidental and consequential damages;

2.    Costs, including expert witness fees and reasonable attorney's fees; and

4825-6290-5700, v. 1

3.    For such other relief as this court deems just and proper.

## COUNT V
## OHIO CONSUMER SALES PRACTICES ACT

41.    Plaintiff hereby reavers and incorporates by reference all statements and allegations previously set forth as if fully rewritten herein.

42.    Section 1345.01 et seq. is commonly known as, and will hereinafter be referred to as, the "Ohio Consumer Sales Practices Act" or "CSPA."

43.    Plaintiff is a "Person," as defined by R.C. § 1345.01 (B).

44.    Defendant is a "Supplier" and a "Person" as defined by R.C. § 1345.01 (C) & (B).

45.    Plaintiff's purchase of the vehicle is a "Consumer Transaction" as defined by R.C. § 1345.01 (A).

### *UNFAIR, DECEPTIVE OR UNCONSCIONABLE ACTS GENERALLY*

46.    In connection with said transaction, Defendant committed unfair, deceptive and unconscionable acts and practices in violation of R.C. § 1345.02 and R.C. § 1345.03.

*Said acts and practices include, but are not limited to, the following:*

47.    Defendant's representation that the vehicle contained a valid warranty, which would cause effective warranty repairs to be made within a reasonable time and within the warranty period, was untrue.

48.    Defendant's representation that the vehicle contained, as a remedy, an effective warranty, which would cause effective warranty repairs to be made within a reasonable time and within the warranty period, was false.

49.    Defendant's representation that the vehicle would have the natural benefits of being fit for its intended and ordinary purposes and merchantable, was untrue.

50. Defendant's representation that the vehicle was fit for ordinary purposes, was untrue.

51. Defendant's representation that the vehicle was merchantable was untrue.

52. Defendant's violation of the Ohio Lemon Law constitutes an unfair, deceptive and/or unconscionable sales practice.

53. Defendant knowingly committed all of the above referenced unfair, deceptive and unconscionable acts and practices.

### *ACTS DECLARED UNFAIR, DECEPTIVE OR UNCONSCIONABLE BY ATTORNEY GENERAL RULES*

54. In connection with said transaction, Defendant committed acts and practices that have been declared to be unfair, deceptive or unconscionable by rules adopted pursuant to R.C. § 1345.05 (B)(2).

55. Said acts and practices were committed after such rules were made available for public inspection pursuant to R.C. § 1345.05 (A)(3).

*Said acts and practices include, but are not limited to, the following:*

56. Defendant never disclosed any defects in connection with the sale of the vehicle, as required by O.A.C. 109:4-3-16 (B)(14).

57. Defendant may have violated the Motor Vehicle Repairs and Services Rule by failing to comply with all the requirements of O.A.C. § 109:4-4-05, 109:4-3-13 and R.C. 1345.74.

58. Defendant knowingly committed all of the above referenced unfair, deceptive and unconscionable acts and practices.

### *ACTS DECLARED UNFAIR, DECEPTIVE OR UNCONSCIONABLE BY OHIO COURTS*

59.     In connection with said transaction, Defendant committed acts and practices that have been declared violations of R.C. § 1345.02 and/or R.C. § 1345.03 by Courts of the State of Ohio.

60.     Said acts and practices were committed after such court decisions were made available for public inspection pursuant to R.C. § 1345.05 (A)(3).

*Said acts and practices include, but are not limited to, the following:*

61.     Defendant, who had a legal obligation to Plaintiff under the written warranty, breached, avoided and/or attempted to avoid its obligations to the Plaintiff, which has been declared a violation of the CSPA in Brown v. Spears, No. 8897 (Muni, Franklin 1979); Brown v. Lyons, 322 N.E.2d 380 (CP, Hamilton 1974) and related cases.

62.     Defendant exhibited a pattern of inefficiency, stalling and/or incompetency with regard to its warranty repair work, which is behavior declared a violation in Brown v. Lyons, 332 N.E.2d 380 (CP Hamilton 1974); Pearson v. Tom Harrigan Oldsmobile-Nissan, Inc., No. 12411, 1991 WL 214228 (2d Dist. Ct. App., Montgomery, 1991); and Brown v. Spears, No. 8897 (Muni, Franklin 1979).

63.     Defendant failed to honor its implied warranty of merchantability, which was declared a violation of the CSPA in Brown v. Lyons, 322 N.E.2d 380 (CP, Hamilton 1974).

64.     Defendant refused to accept Plaintiff's revocation of acceptance of goods, which was declared to be a violation in Holsinger v. Krystal Klear Sales & Service, Inc, No. 91-CV-55 (CP, Meigs 1991) and Price v. Humphries Auto City, Inc., No. 7-89-CVE-243 (Muni, New Philadelphia 1990).

65.  Defendant knowingly committed all of the above referenced unfair, deceptive and unconscionable acts and practices.

WHEREFORE, Plaintiff respectfully demands:

1.  Judgment against Defendant in an amount equal to three times Plaintiff's actual damages in excess of $25,000.00 and/or the statutory minimum of $200 for each additional unlawful act specified, over and above any treble damage award;

2.  Costs, including expert witness fees and reasonable attorney's fees;

3.  A declaratory judgment that Defendant's practices herein complained of are unfair, deceptive and/or unconscionable; and

4.  For such other relief as this court deems just and proper.

Respectfully submitted,

KAHN & ASSOCIATES, L.L.C.


/s/ J. Daniel Scharville
J. DANIEL SCHARVILLE (0071132)
6200 Rockside Woods Blvd.
Suite 215
Independence, OH 44131
Ph.: (216) 621-6101
Fax: (216) 621-6006
Email: dscharville@kahnandassociates.com
Attorney for Plaintiff

## JURY TRIAL

A trial by jury in the within action is hereby demanded on all issues except the determination of reasonable attorney's fees and costs and the determination of which damages shall be trebled, which are reserved for determination by the Court in the event that Plaintiff prevails at a trial on the merits.

KAHN & ASSOCIATES, L.L.C.

_/s/ J. Daniel Scharville_
J. DANIEL SCHARVILLE (0071132)
Attorney for Plaintiff